# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| WRIGHT WAY CAPITAL,<br><br>Plaintiff,<br><br>v.<br><br>ERIC CARVER and UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF WISCONSIN,<br><br>Defendants. | Case No. 22-CV-1032-JPS<br><br><br>**ORDER** |
| WRIGHT WAY CAPITAL,<br><br>Plaintiff,<br><br>v.<br><br>JESSICA A. VLASSEMAN and UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF WISCONSIN,<br><br>Defendants. | Case No. 22-CV-1063-JPS<br><br><br>**ORDER** |

On September 8 and 14, 2022, the above-referenced cases were removed, pursuant to 28 U.S.C. §§ 1442(a)(1) and (3) and 1452, by Defendant the United States Bankruptcy Court for the Eastern District of Wisconsin ("Bankruptcy Court"). ECF No. 1 in 22-CV-1032; ECF No. 1 in 22-CV-1063. The cases were assigned to Magistrate Judge Nancy Joseph. The Bankruptcy Court subsequently filed motions to dismiss both of Defendant Wright Way Capital's ("Wright Way") complaints, on the bases

of sovereign immunity and lack of subject matter jurisdiction. ECF No. 5 in 22-CV-1032; ECF No. 4 in 22-CV-1063. Subsequently, Magistrate Judge Joseph informed Wright Way that corporations are not permitted to proceed *pro se* in federal court, and warned it that if no attorney had entered an appearance or responded to the Bankruptcy Court's motions to dismiss by October 7, 2022, the actions would be dismissed. ECF No. 7 at 2 in 22-CV-1032; ECF No. 6 at 2 in 22-CV-1063.

On October 14, 2022, Magistrate Judge Joseph entered a joint report and recommendation applicable to both cases, recommending they be dismissed for failure to prosecute. ECF No. 10 in 22-CV-1032; ECF No. 9 in 22-CV-1063. As the basis for her recommendations, Magistrate Judge Joseph noted that—despite her prior order—no attorney had entered an appearance for Wright Way in either case, nor had Wright Way responded through counsel to the Bankruptcy Court's pending motions to dismiss. *Id.* at 2; *id.* at 2. Magistrate Judge Joseph concluded, therefore, that Wright Way did not intend to prosecute these cases further. Pursuant to General Local Rule 72(c), 28 U.S.C. § 636(b)(1)(B), and Federal Rule of Civil Procedure 72(b), the parties were advised that written objections to the magistrate's recommendation, or any part thereof, could be filed within fourteen days of the date of service of the recommendation. *Id.* at 3; *id.* at 3.

To date, no objections have been received.[1] The Court concurs in Magistrate Judge Joseph's conclusion that, by failing to appear through

---

[1]The report and recommendation was mailed to Eric Carver—a defendant in one of the cases—and the mailing was returned as undeliverable. ECF No. 12 in 22-CV-1032. On October 31, 2022, counsel for the Bankruptcy Court filed a letter indicating he had obtained Carver's updated mailing address and had sent him copies of all documents filed in that case to date. ECF No. 13 in 22-CV-1032. Carver's failure to update his address is not the "failure to prosecute" at issue here,

counsel and to respond to the pending motions to dismiss, Wright Way has not evinced an intent to continue pressing its claims in either case. *See* Civ. L.R. 41(c) (authorizing dismissal of claims when "it appears to the Court that the Plaintiff is not diligently prosecuting the action"). The Court, therefore, will adopt Magistrate Judge Joseph's report and recommendation in each case, and dismiss these two actions.

The dismissal will operate without prejudice. The Bankruptcy Court did not move to dismiss these cases due to Wright Way's failure to prosecute. *See id.* (noting that a dismissal for lack of diligence may be either "with or without prejudice"); Fed. R. Civ. P. 41(b) (noting that dismissals for a plaintiff's failure to prosecute, where a defendant has so moved, "operate[] as an adjudication on the merits"). Although it appears the Bankruptcy Court's pending motions to dismiss have some validity, the Court will not delve into the merits of those motions, and will simply deny them as moot. Nonetheless, Wright Way—should it seek to resurrect its claims—would be well-advised to examine the Bankruptcy Court's motions to dismiss to determine how best to proceed, if at all.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Nancy Joseph's report and recommendation in Case No. 22-CV-1032, ECF No. 10, be and the same is hereby **ADOPTED**;

**IT IS FURTHER ORDERED** that Defendant United States Bankruptcy Court for the Eastern District of Wisconsin's motion to dismiss

---

and presumably Carver would not oppose the report and recommendation that would dismiss the case against him. Given that the fourteen-day objection period has expired as to Wright Way—the party for whom it is most relevant—the Court will proceed with adopting the report and recommendation.

in Case No. 22-CV-1032, ECF No. 5, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Case No. 22-CV-1032 be and the same is hereby **DISMISSED** without prejudice;

**IT IS FURTHER ORDERED** that Magistrate Judge Nancy Joseph's report and recommendation in Case No. 22-CV-1063, ECF No. 9, be and the same is hereby **ADOPTED**;

**IT IS FURTHER ORDERED** that Defendant United States Bankruptcy Court for the Eastern District of Wisconsin's motion to dismiss in Case No. 22-CV-1063, ECF No. 4, be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that Case No. 22-CV-1063 be and the same is hereby **DISMISSED without prejudice**.

The Clerk of the Court is directed to enter judgment in each action accordingly.

Dated at Milwaukee, Wisconsin, this 10th day of November, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Page 4 of 4
Case 2:22-cv-01063-JPS   Filed 11/10/22   Page 4 of 4   Document 11